UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

KEVIN WILSON                                                              PLAINTIFF

v.                                            CIVIL ACTION NO. 1:12CV-P105-M

CENTRAL KY. NEWS JOURNAL et al.                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Kevin Wilson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is currently incarcerated at the Eastern Kentucky Correctional Complex (EKCC), sues the Central Kentucky News Journal and its manager Richard Robards. He alleges that in 2011 the newspaper printed an article about him and his entire criminal history, as well as a photograph of him. He states that while he was incarcerated at the Roederer Correctional Complex a copy of that article got into the inmate population, putting his life in danger. He also asserts that every prisoner at EKCC "knows what my charges are and the article put me in jepordy." As relief, he asks for $4,500,000 in punitive damages and injunctive relief.

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Section 1983 is not itself a source of substantive rights . . . ." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.* A newspaper and its employee are not state actors. *See*, *e.g.*, *Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *Hall v.*

*Witteman*, No. 07–4128–SAC, 2008 WL 4490620, at *4 (D. Kan. Oct. 1, 2008) ("Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the news. This remains true even when the newspaper publishes information received from police or other state officials.") (internal citations omitted). Thus, Plaintiff cannot maintain a § 1983 claim against Defendants.

### III. CONCLUSION

For the foregoing reasons, the instant complaint will be dismissed by separate Order for failure to state a claim.

Date: August 10, 2012

                                                         **Joseph H. McKinley, Jr., Chief Judge**
                                                              **United States District Court**

cc:   Plaintiff, *pro se*
        Defendants
4414.009

3